**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10239 |
| Plaintiff-Appellee, | D.C. No. 4:20-cr-00248-JCH-DTF-3 |
| v. | |
| DESIREE DESTINY ACEDO GARCIA, AKA Desiree Destiny Acedo-Garcia, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John C. Hinderaker, District Judge, Presiding

Argued and Submitted November 9, 2023
Phoenix, Arizona

Before: SCHROEDER, COLLINS, and DESAI, Circuit Judges.

Desiree Acedo Garcia was convicted of conspiracy to commit simple possession under 21 U.S.C. § 846 and possession with the intent to distribute fentanyl under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi) for transporting packages of pills containing fentanyl across the border from Mexico to the United States. Ms. Garcia appeals the second count of her conviction. She contends that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

district court abused its discretion by granting the government's motion in limine to exclude post-arrest text messages that allegedly supported Ms. Garcia's duress defense and by denying her motion for a new trial.

We have jurisdiction under 28 U.S.C. § 1291 and review for an abuse of discretion. *United States v. King*, 660 F.3d 1071, 1076 (9th Cir. 2011); *United States v. Lynch*, 437 F.3d 902, 913 (9th Cir. 2006). We affirm.

1. The district court did not abuse its discretion by granting the government's motion in limine to exclude post-arrest text messages. The evidence was properly excluded on hearsay grounds. Fed. R. Evid. 802. But even assuming the evidence was admissible, the district court's exclusion of the post-arrest text messages was harmless error because it is "more probable than not" that the exclusion "did not materially affect the verdict." *United States v. Liera*, 585 F.3d 1237, 1244 (9th Cir. 2009) (quoting *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002).

2. The district court did not abuse its discretion by denying Ms. Garcia's motion for a new trial. A new trial is warranted only "in exceptional circumstances in which the evidence weighs heavily against the verdict." *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153 (9th Cir. 2012). Here, the evidence does not weigh heavily against the jury's guilty verdict or its rejection of the duress defense. Moreover, the evidence supports the jury's guilty verdict on possession with the intent to distribute fentanyl. The fact that the jury returned a guilty verdict for Ms.

Garcia, but not for her co-defendant, does not alone justify a new trial. *See id.; see also Harris v. Rivera*, 454 U.S. 339, 346 (1981) (noting that inconsistent verdicts between co-defendants at joint trial do not justify setting verdicts aside).

Therefore, the district court's judgement is **AFFIRMED.**